## Case No. 11,963.

### ROBINSON et al. v. RANDOLPH.

[4 Ban. & A. 317.] [1]

Circuit Court, D. New Jersey. May, 1879.

PLEADING IN EQUITY—REPLICATION — WHEN MAY BE FILED—NEGOTIATIONS FOR SETTLEMENT.

1. The court has power, at all times and in all cases, and upon such terms as may be directed, to allow a replication to be filed nunc pro tunc, when the defendant has lost nothing by the delay, or when a reasonable excuse is given for the neglect to file it within the prescribed time.

2. Where negotiations for a settlement were pending after the filing of the answer, and complainant, for that reason, neglected to file a replication, and the defendant had not suffered by the delay: *Held*, that a replication m.ght be filed nunc pro tunc—the defendant being given leave to apply to the court on the first day of the next term. for a dissolution of an existing preliminary injunction, if the case was not then on the calendar for final hearing, from any neglect of the complainant.

[This was a bill in equity by Mary A. Robinson and others against Reune R. Randolph. For the hearing upon motion for preliminary injunction, see Case No. 11,962.]

S. B. Ransom, for complainants.
Jos. F. Randolph, for defendant.

NIXON, District Judge. This is an application under the 66th Rule in Equity, for an order dismissing the complainants' bill, for want of a replication. That rule requires the plaintiff to file a general replication to the answer, on or before the next succeeding rule day after the filing of the answer, and entitles the defendant to an order, as of course, for the dismissal of the suit, if the plaintiff omits or refuses to reply within the prescribed time. The court, however, has power, at all times and in all cases, and upon such terms as may be directed, to allow a replication to be filed nunc pro tunc, when the defendant has lost nothing by the delay, or when a reasonable excuse is given for the neglect.

The plaintiffs, on the hearing, accounted for the delay, by alleging that propositions for compromise had been pending since the filing of the answer, and that the plaintiffs have not been without hope that the further expenses of litigation might be avoided by an amicable arrangement, between the parties, of the matter in controversy. The defendant has put in an affidavit in reply, in which he substantially confesses, that negotiations for settlement have been pending. He states, that propositions were made by him to the complainant, Childs, and by the said complainant to him, and that no satisfactory result was reached by the parties. Nor could the case have been ready for hearing at the March term of the court, with all possible diligence, under the rules. Hence, the defendant, if desiring a speedy trial, has not been balked by the delay. If time had been lost, I should have vacated the order for a preliminary injunction, and left the parties in statu quo until the final hearing. No injustice is done by allowing the plaintiffs to file a general replication nunc pro tunc, and at the same time, giving leave to the defendant to apply to the court, on the first day of the next term for a dissolution of the injunction, if the case is not then on the calendar for final hearing, from any neglect to speed the cause on the part of the complainants, and it is ordered accordingly.